# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SHINITA BAKER,                              )
                                            )
    Plaintiff,                             )
                                            )
v.                                          )     No.   4:18-cv-328
                                            )
DIVERSIFIED CONSULTANTS, INC.,              )
                                            )
    Defendant.                             )

## **PLAINTIFF'S COMPLAINT**

Plaintiff, SHINITA BAKER ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

1

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Quincy, Gadsden County, Florida.

7. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Jacksonville, Florida.

12. Defendant's business includes, but is not limited to, collecting on unpaid,

outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and

household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant placed collection calls to Plaintiff on Plaintiff's telephone at xxx-xxx-4562, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 855-700-8340, which is one of Defendant's telephone numbers.

22. On at least one occasion since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has spoken with Defendant's collector.

23. On or around January 19, 2018, Plaintiff spoke with one of Defendant's collectors and requested for Defendant to stop calling her.

24. Despite Plaintiff's request to stop calling, Defendant continued to call Plaintiff's telephone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff's telephone

after Plaintiff requested Defendant stop calling her;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested Defendant stop calling her;

c. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for the Defendant to stop calling her;

d. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to call and harass Plaintiff in an attempt to collect the alleged debt;

e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period

prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the debt; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, SHINITA BAKER, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

25. Plaintiff repeats and re-alleges paragraphs 1-24 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the FCCPA based on the following:

   a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested Defendant stop calling her.

WHEREFORE, Plaintiff, SHINITA BAKER, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

27. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

28. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

29. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

30. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

DATED: July 12, 2018              By:  /s/ Shireen Hormozdi
                                                     **Shireen Hormozdi**
                                                     Hormozdi Law Firm, LLC
                                                     1770 Indian Trail Lilburn Road, Suite 175
                                                     Norcross, GA 30093
                                                     Tel: 678-395-7795
                                                     Fax: 866-929-2434
                                                     shireen@agrusslawfirm.com
                                                     shireen@norcrosslawfirm.com
                                                     Attorney for Plaintiff